## JAMES GRAHAM *v.* J. R. MOORE AND WIFE.

**Wills—Title to Real Estate.**

> Where it is provided in a will that "the real estate herein devised to said Lee Ann Smith, now Moore, I direct in case of marriage, to be entirely free from the control or disposition of her husband, and not in any way subject to his debts," the devisee, after marriage, her husband joining with her, may convey all the title of the devised real estate to her purchaser.

### APPEAL FROM WARREN CIRCUIT COURT.

December 19, 1874.

OPINION BY JUDGE PRYOR:

The fifth clause of Burnam's will provided that "the real estate herein devised to said Lee Ann Smith, now Moore, I direct, in case of marriage, to be entirely free from the control or disposition of her husband, and not in any way subject to his debts." Lee Ann Smith, the devisee, having married John R. Moore, her husband and herself have united in a deed to the appellant for a part of the real estate devised to her under the 9th clause of the will; and the ap-

pellant claims that by reason of this provision of the will they are unable to make title. By an act concerning separate estates of married women, approved January 16, 1868, it is provided in substance that where separate estate is conveyed or devised to a married woman for her separate use, without the intervention of a trustee, and without any restriction upon the sale or conveyance thereof during coveture, the right of said married woman to sell and convey the property should be the same as if the said property had been conveyed or devised to her absolutely, without any separate use being expressed; but her separate use shall continue in the proceeds of such sale. See General Statutes, page 532. If this devise be regarded as passing to Mrs. Moore a separate estate, and we are of the opinion it does, it is clear that the husband and wife, by reason of the act referred to, can make to the appellant title, and whether regarded as general or separate estate, all the title the wife acquired by the will passed by the deed, and the purchaser must pay the money.

One of the notes by its stipulations makes the interest payable annually, and the question is whether interest shall run upon this interest from the time it was payable, or whether it then becomes a part of the principal.

The court is equally divided in opinion on this branch of the case, and the judgment of the court below is therefore *affirmed* on both the original and cross-appeal.

No damages will be awarded, as these parties have agreed as to the amount to be paid in lieu of damages, as appears by an endorsement on the record, and this is left for appellee to enforce.

*Hines & Porter, for appellant.*
*H. T. Clark, for appellees.*